IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JACQUES ROY,** § | |
| § | |
| Movant, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-123-L-BH** |
| § | Criminal No. 3:12-CR-54-L-1 |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

# ORDER

Movant initiated this action by filing a Motion for 60 Days Extension for Filing § 2255 Due to Covid (Doc. 2), which was received on January 18, 2022. Movant asserts that, because of the recent COVID surge, the facility where he is incarcerated was placed on lockdown from December 2, 2021, to December 27, 2021, and he has been unable to access the law library. On January 20, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court dismiss without prejudice this action for lack of jurisdiction unless Movant Jacques Roy submits a motion, pursuant to 28 U.S.C. § 2255, within the time for filing objections to the Report. This recommendation is based on the magistrate judge's determination that "a ruling on Movant's motion for an extension of time will require an advance determination of whether the motion will be time-barred, and whether equitable tolling is applicable," but "§ 2255 does not authorize a prospective extension of the statute of limitations. There is no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief." Report 3. For Movant's convenience, the magistrate judge also directed the clerk of the court to send him a copy of the standard form used in § 2255 cases that included the case number for this case. No objections to the Report were

docketed as of the date of this order, and the deadline for filing objections has expired. Movant also failed to submit a § 2255 motion.

Having considered Movant's motion, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of jurisdiction.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

**It is so ordered** this 16th day of February, 2022.

Sam A. Lindsay
United States District Judge